**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lamonte Bodney,<br><br>    Petitioner,<br><br>vs.<br><br>David Shinn; et al.,<br><br>    Respondents. | CV 20-00373-TUC-CKJ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is the petitioner's motion to dismiss, to amend, or for an extension of time, filed on March 5, 2021. (Doc. 14)  The respondents filed a response on March 10, 2021. (Doc. 15)  The petitioner did not file a timely reply.

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.1.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order extending the deadline for filing a reply to the respondents' answer but otherwise denying the motion.  The court cannot dismiss the pending habeas petition and guarantee the petitioner that the state courts will allow him to properly exhaust all his claims.  Moreover, this court cannot guarantee that if he returned to Federal court, his new habeas petition would be adjudicated on the merits.  Amendment of the pending petition to include unexhausted claims would be futile.

Summary of the Case

"After a jury trial, [the petitioner] William Bodney was found guilty [in Pima County Superior Court] of attempted robbery, robbery, burglary, two counts of armed robbery, two

counts of aggravated assault, and possession of a deadly weapon by a prohibited possessor." (Doc. 13-7, p. 99)  "The trial court sentenced him to a combination of concurrent and consecutive prison terms totaling 25.75 years."  *Id.*  On April 28, 2017, his convictions and sentences were affirmed on direct appeal.  (Doc. 13-7, pp. 98-110)

Bodney filed a petition for post-conviction relief on January 28, 2019.  (13-8, p. 2, 4)  The trial court found that counsel were not ineffective and Bodney's remaining grounds for relief were procedurally barred. (Doc. 13-10, pp. 2-10)  The Arizona Court of Appeals granted his petition for review but denied relief on October 16, 2019.  (Doc. 13-11, p. 27)  The Arizona Supreme Court denied his petition for review summarily on March 27, 2020.  (Doc. 13-11, p. 31)

On August 31, 2020, Bodney filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1)  He claims (1) "the trial court erred when it denied [his motion] to sever the charged robbery offenses,"  (2) "the jury's verdict was not supported by substantial evidence," and (3) "defense counsel's failure to continue to challenge the Grand Jury proceedings . . . constituted ineffective assistance of counsel."  (Doc. 1, pp. 5, 27, 31)

On January 14, 2021, the respondents filed their answer.  (Doc. 13)  They argue that Bodney's first claim is procedurally defaulted and all claims should be denied on the merits.  (Doc. 13)  Bodney did not file a timely reply.

On March 5, 2021, Bodney filed the pending motion.  He moves that this court "allow[] him to voluntarily dismiss his current action, without prejudice, and grant him leave to return to state court to develop and exhaust all claims."  (Doc. 14, p. 1)  "In the alternative Petitioner requests that this court allow him to amend his original petition to add new unexhausted claims [] and grant a thirty (30) day extension to reply to the state[']s response."  *Id.*

Discussion

Where the opposing party has served an answer and a stipulation to dismiss is not filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a).

In this case, Bodney moves that this court allow him to dismiss the current action, "without prejudice," and "grant him leave to return to state court to develop and exhaust all claims." (Doc. 14, p. 1) Bodney asserts that he has "several colorable claims" that he failed to raise in his post-conviction relief petition. (Doc. 14, p. 3) Apparently, he is also concerned that he may not have properly exhausted his severance claim. He moves that this court dismiss the pending habeas petition, grant him leave to return to state court, and then, assuming the state court fails to grant relief, allow him to file another habeas petition in this court which would include all his claims. (Doc. 14, p. 3) This court, however, is unable to grant Bodney the relief that he seeks.

First, this court is unable to guarantee that the state court would permit Bodney to properly exhaust his claims in a second post-conviction relief (PCR) proceeding. Bodney maintains that the state allows "petitioners the opportunity to file successive petitions." (Doc. 14, p. 3) He is apparently aware that if a petitioner raises claims in a subsequent PCR petition that could have been raised earlier, the state court may find those claims waived. *See* Ariz.R.Crim.P. 32.2 He asserts, however, that "certain constitutional claims must be knowingly and voluntarily waived before being precluded." (Doc. 14, p. 3) He therefore believes that "waiver" will not be an obstacle for him.

Bodney is correct up to a point; certain constitutional claims are not subject to the state's waiver rule. Bodney has not, however, specified what his claims are, and therefore he has not shown that his claims are likely to avoid this rule. As the respondents explain in their response, ordinary trial errors *are* subject to the waiver rule, and if Bodney's new claims raise ordinary trial errors, they may be deemed waived by the state court. (Doc. 15, p. 2)

The respondents further note that even if Bodney's claims are not subject to waiver, his petition would likely be dismissed as untimely pursuant to Ariz.R.Crim.P. 32.4. (Doc. 15, p. 2) The respondents concede that there are exceptions to this rule for certain claims, but Bodney makes no showing that his claims fall within those limited exceptions.

Moreover, even if the state court permitted Bodney to properly exhaust all of his claims, this court cannot guarantee that when he returned to Federal court, his habeas petition would

be adjudicated on the merits. A petition for writ of habeas corpus is subject to a one-year statute of limitations, and it seems likely[1] that any claims asserted in a future petition would be untimely under that rule. *See* 28 U.S.C. § 2244(d); *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir.2006) ("[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition"). This court cannot dismiss the current action "without prejudice" and "grant [the petitioner] leave to return to state court to develop and exhaust all claims." (Doc. 14, p. 1)

In the alternative, Bodney moves that this court permit him to amend his petition to include his new claims. More than 21 days have passed since the respondents filed their answer, and absent written consent from the respondents, Bodney must secure leave of court before filing an amended petition. Fed.R.Civ.P. 15(a); *see also In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases."). And, "[t]he court should freely give leave when justice so requires." *Id*.

When deciding a motion to amend, courts generally will consider the following factors: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "However, each is not given equal weight." *Id*. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id*.

In this case, it appears that amendment would be futile. Bodney states that his new claims "will technically for all intents and purposes be unexhausted." (Doc.14, p. 5) This court, however, cannot grant relief on an unexhausted claim. 28 U.S.C. § 2254(b)(1). If, as Bodney argues, the state court would permit him to raise his claims in a subsequent post-conviction relief petition, then his claims are unexhausted and amendment would be futile. In the alternative, if the state court would not permit Bodney to raise his claims, then his claims could

---

[1] Bodney's post-conviction relief proceeding ended on March 27, 2020, more than one year ago. (Doc. 13-11, p. 31)

be deemed technically exhausted and procedurally defaulted.  Bodney is aware of this possibility and concedes that in order to obtain relief on a procedurally defaulted claim he would be faced with "an extremely uphill battle having to litigate and argue against procedural default on top of the already high AEDPA threshold."  (Doc. 14, p. 5)  Bodney makes no showing that he would be able to win this "uphill battle" and avoid procedural default.

Moreover, as the court explained above, the claims in a habeas petition are subject to a one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).  Bodney, however, makes no showing that his new claims would be timely.  The court concludes that amending the petition would be futile.  *See, e.g., James v. Brazelton*, 2013 WL 4441587, at *2 (E.D. Cal. 2013) ("Petitioner fails to demonstrate that his new claims would be timely or that amending his petition to include the new claims would not be futile."); *Miranda v. Horel*, 549 F. Supp. 2d 1200, 1201-1204 (C.D. Cal. 2008) (Motion to amend habeas petition was denied because claim was not exhausted and was without merit.).

In the alternative, the motion to amend should be denied for failure to comply with LRCiv 15.1(a)  ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion . . . .").

Finally, Bodney moves that this court grant him permission to file a late reply to the respondents' answer.  (Doc. 14, pp. 5-6)  He explains that restrictions due to the Corona virus have prevented him from filing a timely reply.  The respondents do not oppose this request in their response to the motion.  (Doc. 15)  Accordingly, this part of the motion should be granted.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Granting-in-Part petitioner's motion to dismiss, to amend, or for an extension of time, filed on March 5, 2021.  (Doc. 14)  The court should enter an order extending the deadline for filing a reply to the respondent's answer but otherwise denying the motion.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

DATED this 30th day of March, 2021.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge