WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lamonte Bodney,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Respondents. | No. CV-20-00373-TUC-CKJ (LAB)<br><br>**ORDER** |

On March 30, 2021, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") in which she recommended that the Court deny Petitioner's Motion for Voluntary Dismissal and grant his request for additional time to reply to Respondents' answer to his § 2254 habeas corpus petition. (Doc. 16) On April 15, 2021, Petitioner timely filed his objections to the R&R (Doc. 18); and the same day, Respondents filed their response (Doc. 19). For the reasons that follow, the Court adopts the R&R, GRANTS IN PART AND DENIES IN PART Petitioner's motion for voluntary dismissal and allows Petitioner 45 days from the date of entry of this Order to file his reply.

**BACKGROUND**

On February 24, 2016, Petitioner William Lamonte Bodney was convicted by jury of two counts of Aggravated Assault with a Deadly Weapon or Dangerous Instrument, two counts of Armed Robbery, one count of Attempted Robbery, and one count of Possession of a Deadly Weapon by a Prohibited Possessor in Pima County Superior Court. (Docs. 1

at 1; 1-3 at 20) In a combination of consecutive and concurrent sentences, Bodney was sentenced to a total of 25.75 years' incarceration. (Doc. 1-3 at 22)

In October 2016, Bodney appealed his conviction to the Arizona Court of Appeals. *See Arizona v. Bodney*, No. 2 CA-CR 16-0214, 2016 WL 6066041 (Ariz. Ct. App. Oct. 12, 2016). Bodney raised two main issues on appeal: (i) whether the trial court abused its discretion when it denied his motion to sever counts; and (ii) whether the jury's verdict was supported by substantial evidence. *Id*. In April 2017, the Court of Appeals affirmed Bodney's conviction, ruling that the trial court did not abuse its discretion in declining to sever the charges against him and that Bodney's convictions were supported by substantial evidence upon which the jury could find guilt beyond a reasonable doubt. *State v. Bodney*, No. 2 CA-CR 2016-0214, 2017 WL 1548543, at *1-5 (Ariz. Ct. App. Apr. 28, 2017).

In January 2019, Bodney filed a Rule 32 petition for post-conviction relief in Pima County Superior Court. (Docs 1 at 3; 1-2 at 8) In his petition, Bodney argued he was entitled to a new trial because (i) he was denied due process of law since a detective was allowed to falsely testify at trial; (ii) the prosecution failed to present exculpatory evidence to the grand jury; (iii) his constitutional rights were violated by the introduction of impermissibly suggestive lineups and in-court identification; (iv) there was insufficient evidence to support his conviction; and (v) the trial court abused its discretion when it denied his request to sever the charges against him. (Doc. 1-3 at 20)

In April 2019, the Pima County Superior Court denied Bodney's Rule 32 petition, finding that his challenge to the grand jury proceedings was precluded by his failure to raise the issue on appeal, his challenge to identification issues during trial was also precluded, his challenge to the trial court's ruling on claim severance was considered on appeal and precluded in his post-conviction petition, and that he failed to state a colorable claim for ineffective assistance of counsel because the record indicated that his trial counsel conducted a vigorous and thorough defense. (Doc. 1-4 at 1-6)

In May 2019, Bodney filed a petition for review seeking appellate review of the trial court's order dismissing his Rule 32 petition. (Doc. 13-11 at 27) In October 2019, the

Arizona Court of Appeals denied his petition for review, ruling that his assertions that there were defects in his grand-jury proceedings and that photo lineups leading to his identification had been unduly suggestive were precluded under Rule 32.2(a)(3), as the claims could have been previously raised and reviewed. (Doc. 13-11 at 28-29) The court also ruled that Bodney failed to provide the necessary support for his allegation that trial counsel was ineffective for failing to continually raise his claims of grand-jury misconduct. *Id*. at 29. The court concluded by finding that Bodney failed to sufficiently argue, and therefore waived, his claim that trial counsel could not have waived his identification claim by failing to raise it on appeal. *Id*. In March 2020, the Arizona Supreme Court denied further review of the post-conviction ruling. *Id*. at 31.

On March 5, 2021, Bodney filed a motion for voluntary dismissal in this Court seeking to voluntarily dismiss the § 2254 petition he filed so that he could return to state court to fully develop his federal claims. (Doc. 14 at 2) In the alternative to dismissal, Bodney requested permission to amend his petition asserting that courts have long permitted amendment to cure formal, procedural, or substantive defects and state tenable claims for relief. *Id*. at 4. In the alterative to amendment, Bodney requested an additional 30 days to respond to Respondents' answer due to the restrictions on movement in his unit as a result of the coronavirus. *Id*. at 5-6.

On March 30, 2021, Magistrate Judge Bowman issued an R&R recommending that the Court grant Bodney's request for additional time to file his reply but otherwise deny his motion for voluntary dismissal. (Doc. 16 at 1) In support of her recommendation, the Magistrate Judge concluded that any claims Bodney asserted in a future petition would be untimely and that such petition would fail to relate back to the petition at hand. *Id*. at 4. The Magistrate Judge also concluded that allowing Bodney to amend his petition to add new claims would be futile, as Bodney failed to demonstrate that such claims would be not be subject to a one-year statute of limitations. *Id.* at 5. The Magistrate Judge recommended that the Court allow Bodney additional time to reply to Respondents' answer since his request for additional time went uncontested. *Id*.

## PROCEDURAL HISTORY

On March 30, 2021, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation on Bodney's motion for voluntary dismissal. (Doc. 16) On April 15, 2021, Bodney filed a timely Objection to the Magistrate's Report and Recommendation. (Doc. 18). The same day, Respondents filed their Response to Objection to Report and Recommendation. (Doc. 19) On April 28, 2021, Bodney filed an impermissible Reply. (Doc. 20) This Order follows.

## LEGAL STANDARD

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. *Id*. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

## DISCUSSION

<u>Request for Voluntary Dismissal</u>

In Bodney's objection to the R&R, Bodney states that Magistrate Judge Bowman erred by recommending that his request to voluntarily dismiss his petition be denied. (Doc. 18 at 2-5) Bodney argues that the Court should allow the voluntary dismissal of his petition, without prejudice, so that he may return to state court to litigate three different ineffective assistance of counsel ("IAC") claims which he failed to initially raise. *Id*. at 2. Bodney argues the state waiver rule will not apply to his new IAC claims because such claims are not subject to procedural default. *Id*. at 3. Bodney assures the Court that should

he be granted leave to return to state court, he can successfully bypass any state procedural rules, fully exhaust his federal claims, and timely return to the Court. *Id.*

Under the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order in two circumstances: (i) the opposing party has not yet filed an answer or a motion for summary judgment or (ii) all parties who have appeared have signed a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, an action may be dismissed at the plaintiff's request only by court order. Fed. R. Civ. P. 41(a)(2). District courts are instructed to grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant demonstrates it will suffer some plain legal prejudice as a result of dismissal. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). "The decision to grant a voluntary dismissal under Rule 41(a)(2) is 'addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion.' " *Alcantar v. Ryan*, No. CV-15-02146-PHX-JJT, 2016 WL 3456944, at *5 (D. Ariz. Apr. 1, 2016) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).

Here, instead of filing a reply in support of his § 2254 petition, Bodney filed a motion for voluntary dismissal conceding that his federal claims were not properly exhausted. (Doc. 14 at 3) This was done after Respondents expended significant time and effort in preparing their answer to Bodney's petition. *See* Doc. 13. Additionally, Bodney's explanation for seeking dismissal is insufficient. It appears that his motion for dismissal was filed in response to Respondents' assertions that some of his claims were unexhausted and procedurally barred from review. Finally, the new IAC claims that Bodney intends to bring in state court appear to have been waived, and he fails to demonstrate that the claims fall under an exception to the state's preclusion rule.[1] *See State v. Diaz*, 269 P.3d 717, 720 (Ariz. App. Ct. 2012) (instructing that "Rule 32.2(b) provides exceptions to the preclusion

---

[1] Additionally, any new claims Bodney attempted to raise in a subsequent federal habeas petition could not relate back to his timely filed first habeas petition, as "a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

- 5 -

rule for certain types of claims upon a meritorious showing as to why such claims were not raised in a prior petition," but that such claims do not include claims for ineffective assistance of trial counsel). Accordingly, the Court agrees with the Magistrate Judge's recommendation and denies Bodney's motion for voluntary dismissal.

Request to Amend Petition

In his objection to the R&R, Bodney also argues that Magistrate Bowman erred by recommending that his request to amend his petition be denied. (Doc. 18 at 5-6) Bodney asserts that he should be allowed to amend his petition to include unexhausted claims because to do so would not be futile. *Id*. at 4. He argues that the Court may review procedurally defaulted claims if the prisoner alleges and proves both cause and prejudice arising from the constitutional error, or if the petitioner establishes that a fundamental miscarriage of justice has occurred. *Id*. at 5. Bodney assures the Court that he is ready, willing, and able to surmount the hurdles of unexhausted claims should be permitted to amend his petition. *Id*.

In *Bonin v. Calderon*, the United States Court of Appeals for the Ninth Circuit outlined the standard for analyzing a motion to amend in the context of a petition for habeas corpus under 28 U.S.C. § 2254. 59 F.3d 815, 845 (9th Cir. 1995). It observed:

> Rule 15(a) allows a party to amend his complaint by leave of the court at any time, and such leave shall be freely given when justice so requires. The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed for abuse of discretion and in light of the strong public policy permitting amendment. In doing so, we often consider[ ] bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend . . . Additionally, we have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.

59 F.3d at 845 (quotation marks and citations omitted).

The Magistrate Judge ruled that amendment to Bodney's petition would be futile,

as Bodney failed to demonstrate that his new claims would be timely and that any such claims would likely fall outside of the one-year statute of limitations outlined in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. 16 at 5)  The Court agrees.

On March 27, 2020, Bodney's state-court conviction became final and AEDPA'S one-year statute of limitations began running.  *See* Doc. 13-11 at 31; *Hemmerle v. Schriro*, 495 F. 3d 1069, 1077 (9th Cir. 2007) (instructing that the statute of limitations for a federal habeas petition begins running on the date from which the state supreme court denies a petition for review of a denial of post-conviction relief).  Bodney had until March 27, 2021, to timely file claims for federal habeas relief.  Any claims filed after that date would have to relate back to Bodney's original petition in order to escape AEDPA's one-year limitations bar.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) ("[A]n application for federal habeas corpus relief does not toll the limitations period pursuant to § 2244(d)(2)"); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (cleaned up) (ruling that relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes").

Here, Bodney's motion for voluntary dismissal fails to include any information—including a mandatory copy of his amended petition—which demonstrates that his new claims arise from the same core facts as his timely filed claims.  *See* Docs. 14 at 4-6; 18 at 5-6; 20 at 2-3.  Accordingly, Bodney's request to amend his petition is futile, and his request to amend his petition to include new unexhausted claims is denied.

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 16) is ADOPTED.

2. Petitioner's Motion for Voluntary Dismissal Without Prejudice with Leave to Return to State Court; in the alternative, Motion to Amend Petition; Motion for Extension of Time (Doc. 14) is GRANTED IN PART AND DENIED IN PART.

3. Petitioner's requests to voluntarily dismiss and amend his petition are denied.

4. Petitioner's request for additional time to file his reply is granted. Petitioner shall have up to and including 45 days from the date of entry of this Order to file his reply in support of his § 2254 petition.

Dated this 11th day of May, 2021.

*signature*

Honorable Cindy K. Jorgenson
United States District Judge