**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lamonte Bodney,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-20-00373-TUC-CKJ<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On September 14, 2021, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 25) in which she recommended that the Court deny William Lamonte Bodney's Petition Under 18 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The Magistrate Judge advised the parties that written objections to the recommendation were to be filed within fourteen days of service of a copy of the R&R under 28 U.S.C. § 636(b). *Id.* at 15. As of the date of this Order, no objections have been filed.

### LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party makes a timely objection to a magistrate judge's recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id*. § 636(b)(1). The statute does not "require[ ] some lesser

review by the [Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

The United States Court of Appeals for the Ninth Circuit has reiterated that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]o the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties"). In other words, if there is no objection to a magistrate judge's recommendation, then this Court may accept the recommendation without review.

Petitioner has failed to file an objection to the Magistrate Judge's R&R. While Petitioner has not filed an objection, the Court has independently reviewed the R&R and adopts the recommended findings and conclusions. The Court will accept the R&R and dismiss the Petition.

## CERTIFICATE OF APPEALABILITY ("COA")

Before Petitioner can appeal the Court's judgment, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant.") Under 28 U.S.C. § 2253(c)(2), a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." The certificate must indicate which specific issue or issues satisfy this showing. 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling. *Id.*

Upon review of the record, and in light of the aforementioned standards, the Court

concludes that a certificate shall not issue, as the resolution of the petition on its merits is not debatable among reasonable jurists. Any future request for a COA must be addressed to the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 22(b).

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 25) is ADOPTED.

2. The Petition Under 18 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED.

3. A Certificate of Appealability shall not issue in this case.

4. The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 11th day of January, 2022.

_____
Honorable Cindy K. Jorgenson
United States District Judge